IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODERICK D. BROWN<br>TDCJ-CID No. 541776,<br><br> Plaintiff,<br><br>v.<br><br>ADAM GONZALES, *et al.,*<br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:23-CV-068-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Amended Complaint (ECF 9) filed by Plaintiff Roderick D. Brown ("Brown") against various Defendants, alleging violations of his civil rights. Brown filed this lawsuit *pro se* while a prisoner at the Clements Unit in Amarillo, Texas, and was granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Brown's Amended Complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint

has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

**A.**     **Factual Background.**[1]

On December 19, 2022, Brown was transferred from his cell to pre-hearing detention by Defendant Nebiyu Tesfaw ("Tesfaw"). After the transfer, Tesfaw failed to pack and inventory Brown's personal property, leaving it unattended in Brown's cell. As a result, his property was taken by other prisoners. Brown lost approximately $3,200.00 in property that he had purchased with his stimulus check and was left with nothing. (ECF 9 at 5). He alleges that Defendant Lori R.

---

[1]These background facts are taken from Plaintiff's Amended Complaint and are assumed to be true for the purpose of evaluating the merits of Plaintiff's causes of action.

Fuller, the Clements Unit property officer, did not provide him with the proper forms, and told him to contact another department about his lost property. (*Id.* at 6). He further alleges that Defendant Angelique R. Turner did not properly address his numerous grievances about his lost property. (*Id.*).

Brown, 61, also alleges that Defendant Isabel Gallegos improperly housed him with a 24-year-old violent offender for approximately four months, which caused him to "constantly have[] to sleep with one eye opened every night, not knowing when he's off his meds." (*Id.* at. 7). Lastly, Brown alleges that Defendant Adam Gonzales "allows offenders to be hurt and abused, and treated unfairly." (*Id.*). Brown alleges violations of his right to due process and asks the Court to order Defendants to pay for his lost property. (*Id.* at 4).

**B.     Stolen Property Claim.**

Brown alleges that Tesfaw failed to pack and inventory Brown's personal possessions after placing Brown in pre-hearing detention. (ECF 9 at 4). Because Brown's personal property was left unattended in his cell, it was stolen by other offenders. (*Id.*) "Prisoners have a cognizable constitutionally protected property interest in their personal property." *Eubanks v. McCotter*, 802 F.2d 790, 793–94 (5th Cir. 1986). Nevertheless, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post[-]deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quotation marks and citations omitted). The Texas administrative and judicial systems allow prisoners to raise ordinary tort claims such as conversion or an administrative remedy for lost or damaged property. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.—Corpus Christi 2002).

Although Brown has a protected property interest in his personal property, "[a] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation marks and citations omitted). In *Brewster*, the Fifth Circuit Court of Appeals held that a similar due process claim was properly dismissed because Texas law provides the adequate post-deprivation remedy of conversion when property is taken without proper procedures. *Id.* Because Brown has an adequate post-deprivation remedy under Texas law in that he has the right to sue for conversion in state court, he does not have a Section 1983 due process claim. This claim should be dismissed with prejudice.

**C.   Due Process Claim.**

Brown alleges that he was denied due process because Defendant Angelique Turner "does nothing to help offenders" and told him either that his grievance was untimely or that it is still open and being worked. (ECF 9 at 6). In short, Brown's allegations amount to nothing more than a claim that Brown's grievance was not resolved to his satisfaction. "Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction, and an alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless." *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (internal quotations omitted). The Fifth Circuit has stated that an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a "legally nonexistent interest." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, even an intentional cover-up does not amount to a constitutional violation. *See Cunningham v. de la Vaga*, 131 F.3d 141 (5th Cir. 1997) (per curiam) ("Regarding Cunningham's contention that the defendants conspired to cover up the attack …, Cunningham has not shown that the defendants violated any constitutionally protected right."). Accordingly, assuming the

truth of the allegations in Brown's Amended Complaint, his cause of action regarding an improper grievance investigation fails to state a viable due process violation and, therefore, should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A.

**D.     Eighth Amendment/Improper Housing Assignment Claim.**

Brown alleges that Defendant Isabel Gallegos ("Gallegos") improperly housed him with a 24-year-old violent offender. (ECF 9 at 7). Brown apparently alleges that, because he is 61, such housing violates an institutional policy of not placing together inmates of substantially different ages when possible, and he possibly also alleges an Eighth Amendment violation.

### 1.     <u>Violation of Institutional Policy</u>.

An assertion that prison officials failed to follow prison rules or policies does not state a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012), *citing Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). TDCJ's policies, internal rules, and regulations, standing alone, do not create federally protected rights. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Jackson*, 864 F.2d at 1251-52 ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because constitutional minima may nevertheless have been met." (internal quotation omitted)). The allegation that Gallegos failed to follow a prison rule does not state a constitutional law violation.

### 2.     <u>Violation of Eighth Amendment</u>.

Brown's assertion that he was housed for four months with a significantly younger cellmate, standing alone, does not state a claim for an Eighth Amendment violation. He apparently alleges that Gallegos knew and disregarded the dangers of housing a younger offender with him. "It is well established that prison officials have a constitutional duty to protect prisoners from

5

violence at the hands of their fellow inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). This duty, which is grounded in the Eighth Amendment's prohibition against cruel and unusual punishment, is nevertheless a limited one. *Farmer*, 511 U.S. at 832-34. To prevail on a failure to protect claim, a prisoner must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Id*. The mere fact that there was a significant age gap between Brown and his cellmate is not sufficient to establish that Brown was incarcerated under conditions posing a substantial risk of serious harm.

 Nor has Brown alleged sufficient facts to show that Gallegos was deliberately indifferent to his safety. A prison official is deliberately indifferent to a prisoner's safety when the official is aware of a substantial risk of harm to the prisoner but disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). To act with deliberate indifference, a prison official must be "subjectively aware" of the risk; that is, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. However, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844. Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. *Id*. at 837. The deliberate indifference standard is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

 Assuming *arguendo* that the age gap between Brown and his cellmate, standing alone, created a risk of substantial harm to Brown, Brown has not alleged any facts to show that Gallegos was deliberately indifferent to his safety when she placed a 24-year-old in his cell. Therefore,

Brown's Eighth Amendment violation claim fails.

**E.     Supervisory Liability Claim.**

Brown alleges that Defendant Adam Gonzales ("Gonzales") allows offenders to be hurt, abused and treated unfairly. (ECF 7 at 40). It is well established that supervisory officials are not liable for the acts of their subordinates unless they: (1) affirmatively participated in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (*citing Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). A prisoner must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under § 1983, as prison supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Id*. at 304 (quotations omitted).

In order to establish a claim for a deficient policy that caused the violation of a constitutional right under § 1983, a plaintiff must identify a policy or custom of the governmental entity (or of a final policymaker of the governmental entity) that caused a deprivation of his constitutional rights. *Monell v. Dep't of Soc. Serv.*, 435 U.S. 658, 694-95 (1978). Brown has not alleged facts that satisfy this standard. Brown has not complained that any policy created by Gonzales was the cause of an alleged violation of his constitutional rights. To the contrary, Brown appears to claim that the policies in place simply were not followed as to housing inmates of disparate ages in the same cell, and in failing to safeguard his personal property. Brown has failed to establish that Gonzales was personally involved in a violation of his rights. Additionally, Brown

has failed to show that Gonzales was liable in his supervisory role for a constitutionally deficient policy that created a violation of his constitutional rights.

To the extent that Brown alleges a failure to train cause of action against Gonzales, the Fifth Circuit has held that a plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). Deliberate indifference in such a situation requires "a conscious choice to endanger constitutional rights" and the proof of deliberate indifference generally requires more than a single instance of the lack of training or supervision causing a violation of constitutional rights. *Id*. Brown has failed to meet this standard.

In addition, the Fifth Circuit has held that a claim of failure to train presupposes an underlying constitutional violation. *See Perryman v. Bloomfield*, 69 F. App'x 659 (5th Cir. 2003) (citing *City of Canton*, 489 U.S. at 385; *accord*, *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997). In this case, however, as in *Perryman* and *Becerra*, there is no underlying constitutional violation, as shown above. In the absence of an underlying constitutional violation, Brown cannot maintain a cause of action for inadequate training or supervision.

F.  **Plaintiff's Damages Claim.**

Even if Brown had alleged a constitutional violation, he is not entitled to the relief he seeks. Section 1997e(e) of the PRLA provides that a plaintiff asserting recovery for constitutional violations is not entitled to recover compensatory damages "for mental or emotional injuries unless there is a prior showing of physical injury..." 42 U.S.C. § 1997e(e). Brown does not allege that he was physically injured due to the theft of his property, or due to being housed with a younger cellmate. (ECF 9 at 6, 7). Therefore, the PLRA bars his claim for compensatory damages.

The PLRA does not require a prior physical injury to support claims for declaratory or injunctive relief; however, Brown is not entitled to recover on these claims. He asks the Court "to make these people replace my property that they lost". (ECF 9 at 4). However, to do so would require the Court to order Defendants to pay money to replace the items, which is no different from ordering them to pay money damages and, as such, is barred by the PLRA.

**G.    Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pled his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Brown has been provided the opportunity to amend his claims after being provided the applicable case law (ECF 7), and he has done so. Brown has pleaded his best case; therefore, leave to amend is unnecessary since Brown's claims are legally frivolous. His recourse is with the courts of the state of Texas, not with federal court.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Brown's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 26, 2024.

*signature*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).